**Terry Louis CARTER, Appellant**

v.

**UNITED STATES DEPARTMENT OF THE NAVY and Secretary of the Navy, Appellees.**

No. 11–5088.

United States Court of Appeals, District of Columbia Circuit.

April 27, 2012.

Rehearing En Banc Denied June 20, 2012.

Terry Louis Carter, South, Africa, pro se.

Alan Burch, Assistant U.S., R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S., U.S. Attorney's Office, Washington, DC, for Appellees.

Before: HENDERSON, TATEL, and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

This appeal from the United States District Court for the District of Columbia's order granting defendants' motion to dismiss was presented to the court and briefed and argued by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is hereby

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed.

Appellant Terry Carter enlisted in the United States Marine Corps in 1974. He experienced severe abdominal pain for which he eventually received a splenectomy, but the pain did not go away. In 1978, Carter was honorably discharged; the National Naval Medical Center deemed him "unfit for duty" because of medical conditions, and assigned him a disability rate of 40%, which reflects "the average impairment in earning capacity resulting from ... injuries [suffered as a result of or incident to military service] ... in civil occupations," 38 C.F.R. § 4.1.

Following consultation with a doctor at the Department of Veterans Affairs, Carter filed an application with the Board for Correction of Naval Records seeking to have his disability rating increased from 40% to 100% and to be retroactively promoted as of May 1, 1977. The Board wrote Carter a letter explaining that "[i]n order to properly evaluate [his] application," it needed his "naval medical record, which is in the custody of the Department of Veterans Affairs (VA)," and that because it had "been unable to obtain [Carter's] records from that agency, [his] case

has been closed administratively," but that "[i]t will be reopened upon our receipt of [his] records from the VA." Letter from W. Dean Pfeiffer, Exec. Dir., Bd. for Correction of Naval Records, to Terry Carter (Apr. 29, 2003). When Carter inquired about the status of his application, the Board again explained that it "has not . . . yet received a copy" of his VA files and suggested that he "contact the appropriate VA officials and demand that they forward the requested records to the Board as soon as possible." Letter from W. Dean Pfeiffer to Terry Carter (Jan. 28, 2005). And in a third letter, the Board explained that it "has made several requests" for those documents but that "the VA has not responded," and reiterated that the Board could not proceed until Carter "authoriz[ed] the release" of his entire file. Letter from W. Dean Pfeiffer to Terry Carter 1 (Mar. 8, 2005). The letter concluded that if Carter was dissatisfied, he "should consider instituting an action in a court of competent jurisdiction." *Id.* at 2.

Carter filed suit in the district court seeking an order requiring the Board to review his application. The district court dismissed the case for lack of jurisdiction under the APA for want of final agency action.

As the government acknowledges, the district court erred in holding that absence of final agency action under the APA constituted a jurisdictional defect. *See Trudeau v. FTC*, 456 F.3d 178, 183–84 (D.C.Cir.2006). In such instances, depending on the particular case, we can consider whether to affirm on other grounds. *See, e.g., Sierra Club v. Jackson*, 648 F.3d 848, 857 (D.C.Cir.2011). On appeal, Carter argues that (1) the Board's delay in responding to his application was unreasonable, and, alternatively, (2) the Board engaged in final agency action by closing his file

and that Carter had no obligation to provide the medical files sought by the Board.

The burden is on Carter to demonstrate that his files need correcting. There is no basis—in statute, regulation, or reason—to fault the Board for requesting his VA files. Indeed, the statute provides that the Secretary of the Navy "*may* correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1) (emphasis added). The regulations fleshing out this discretion expressly and reasonably allow the Board to demand more information "as it may consider essential to a complete and impartial determination." 32 C.F.R. § 723.6(a)(2); *see also id.* § 723.4(e)(1) ("It is the responsibility of the applicant to procure such evidence not contained in the official records of the Department of the Navy as he/she desires to present in support of his/her case."). Carter provides us with no reason to believe the Board's request was unreasonable. Thus, any delay in this case was caused by Carter's own failure to provide the necessary documents.

For the foregoing reasons, we affirm the district court's holding on the ground that on these facts, the agency need not act until Carter provides it with the necessary documents. In doing so, we express our gratitude to amicus curiae, the Appellate Litigation Clinic at the University of Georgia School of Law and Amanda S. Bersinger, for a job well done.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.